UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PATRICIA NEWBY and JOHN NEWBY,

Plaintiffs,

v.

Case No. 06-cv-887-JPG

UNITED STATES OF AMERICA,

Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Patricia Newby's appeal (Doc. 51) of Magistrate Judge Philip M. Frazier's order (Doc. 49) denying her motion for leave to file an amended complaint (Doc.44). A district court reviewing a magistrate judge's decision on nondispositive issues should only modify or set aside that decision if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Accordingly, the Court will affirm Magistrate Judge Frazier's decision unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. *Id.*

**I.  Background**

Magistrate Judge Frazier denied leave for Newby to amend her complaint to change her theory of liability in this Federal Tort Claims Act ("FTCA") case. In her administrative claim, Newby described the basis of her claim:

> Clay Medical Center, Christopher Rural Health Planning Corp., by its employee, Jane Janes, APN-CNP, negligently administered TRIAM/HCTZ on 11/18/2004 to Patricia Newby when Nurse Janes knew Mrs. Newby was allergic to sulfa. TRIAM/HCTZ should not be given to persons allergic to sulfa. See continuation attached.

Her attachment provides details of how Janes prescribed her Triam/HCTZ after finding that her blood pressure was high and how several days later after nausea, vomiting, headache and

weakness she became hyponatremic (had abnormally low concentrations of sodium ions in her blood), and had hypoosmolality (excessive body water retention with dilution of body solutes). She returned to the emergency room and was prescribed a second drug for nausea, then had two seizures that caused her injury.

In her complaint, Newby asserts the theory that the United States was liable for Janes's negligence in giving her Triam/HCTZ when Janes should have known she was allergic to the sulfa in it. In her proposed amended complaint, Newby alleges the administration of Triam/HCTZ was negligent because her condition did not call for administration of the drug and that she suffered a known side effect of Triam/HCTZ. Magistrate Judge Frazier's order expressed the erroneous belief that the complaint and the proposed amended complaint referenced completely different drugs.

## II. Analysis

Rule 15(a)(2) provides that once a responsive pleading has been filed, as it has in this case, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) conveys a liberal approach to amendments, stating, "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *Daugherity v. Traylor Bros., Inc.*, 970 F.2d 348, 351 (7th Cir. 1992). The rule "reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities." *McCarthy v. Painewebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989); *see Diersen v. Chicago Car Exch.*, 110 F.3d 481, 489 (7th Cir. 1997); *Woods v. Indiana Univ.-Purdue Univ.*, 996 F.2d 880, 883 (7th Cir. 1993). Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997); *Sanders v. Venture Stores*, 56 F.3d 771, 773 (7th Cir. 1995). A

court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860 (7th Cir. 2001); *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993); *Daugherity*, 970 F.2d at 351. An amendment is futile if it would not survive a motion for summary judgment. *Bethany*, 241 F.3d at 860.

The United States argues that Newby's proposed amended complaint would be futile because Newby did not exhaust her administrative remedies with respect to her new theory about why administration of Triam/HCTZ was negligent and that an amendment would cause undue delay because discovery would have to be reopened and trial delayed. Newby argues that her amendment should be allowed because her new theory rests on the same facts cited in her administrative claim and that the government has been aware of the possibility of such a theory since at least November 2007 when its own expert explored it in her expert report the possibility that Triam/HCTZ caused Newby's hyponatremia.

A.  Futility

Amendment would be futile if Newby has not presented the claim in her proposed amended complaint to U.S. Department of Health and Human Services. An FTCA plaintiff must first present her claim to the appropriate federal agency and cannot file a suit until the agency has made a final disposition of the claim. 28 U.S.C. § 2675(a); *see McNeil v. United States,* 508 U.S. 106, 111-13 (1993); *Sullivan v. United States*, 21 F.3d 198, 206 (7th Cir. 1994). If a plaintiff fails to exhaust administrative remedies before she brings suit, the court must dismiss her claim. *McNeil*, 508 U.S. at 113; *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003).

"[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for . . . personal injury . . . alleged to have occurred by reason of the incident . . . ." 28 C.F.R. § 14.2(a); *see Palay*, 349 F.3d at 425; *Kanar v. United States*, 118 F.3d 527, 530 (7th Cir. 1997). A claimant need not plead legal theories, but she must at a minimum plead the pertinent facts such that the agency receives sufficient notice to enable it to investigate the claim. *Palay*, 349 F.3d at 425-26; *Murrey v. United States*, 73 F.3d 1448, 1452 (7th Cir. 1996). The Court should generously construe an administrative claim form's pleading of the facts, and if "the claim would have been apparent to a legally sophisticated reader of the [claim] form, then we will charge the agency with notice of that claim and deem it to have been exhausted." *Palay*, 349 F.3d at 425-26 (internal quotations omitted). The facts must simply be sufficient to put the agency on notice to enable it to investigate the claim. *Id.* at 426.

Newby should not be forbidden to amend her complaint because of a failure to exhaust administrative remedies. Her administrative claim asserted that she was prescribed Triam/HCTZ and that she became sick, suffered seizures and was injured as a result. These are the essential facts upon which her negligence claim is based and should have alerted a legally sophisticated reader that she believed the wrongful prescription of Triam/HCTZ, for whatever reason it was wrongful, caused her injury. This gave the United States enough information to enable it to investigate her claim and satisfied the administrative exhaustion requirement. That Newby has changed her theory about why the administration of Triam/HCTZ was negligent does not render her claim ineffective to exhaust her administrative remedies. Thus, amendment of Newby's complaint would not be futile.

B. <u>Undue Delay</u>

The trial of this matter is currently set for December 1, 2008. It is clear that allowing amendment at this late stage of the case would cause a delay of the trial. However, the Court believes that a brief delay to allow minimal further discovery is warranted so that Newby has a fair opportunity to present the merits of her case under her new theory. The Court notes that the lateness of the request to amend is due in part to Newby's difficulty in obtaining counsel to represent her. Her original counsel withdrew from the case on the eve of the case's first trial date in January 2008, just over a year after the case was filed. Newby then searched for several months to find her current counsel, who entered his appearance on March 28, 2008, and moved for leave to amend the complaint on September 16, 2008. Counsel was fairly diligent about seeking to amend the complaint, reviewing the discovery and making the motion within six months of his appearing in the case. The discovery of a new, apparently better, theory of the case is a legitimate reason to amend a pleading and does not reflect any improper purpose even at this late stage of the case. The delay necessitated by amendment is not undue and will not prevent amendment.

Because Magistrate Judge Frazier's decision to deny Newby leave to amend her complaint was based on a clearly erroneous understanding that Newby was alleging new facts – injury caused by a different drug – not just a new theory, the Court will reverse that order and will allow Newby to amend her pleading.

**III.   Conclusion**

For the foregoing reasons, the Court;

- **GRANTS** Newby's motion to reconsider (Doc. 51) and **REVERSES and VACATES** Magistrate Judge Frazier's October 3, 2008, order (Doc. 49) denying leave to amend the complaint;

5

- **GRANTS** Newby's motion for leave to amend her complaint (Doc. 44);

- **ORDERS** that Newby shall have up to and including November 10, 2008, to file an amended complaint that complies with all Local Rules, including Local Rule 15.1 regarding underlining new material; and

- **VACATES** the Final Pretrial Conference date of November 21, 2008, and trial date of December 1, 2008, and **ORDERS** that a telephone status conference shall be held on November 21, 2008, at 9:00 a.m. to discuss new dates. The plaintiff's counsel shall be responsible for placing the call. The telephone number for the Court is 618-439-7720.

**IT IS SO ORDERED.**
**DATED:  November 6, 2008**

              s/ J. Phil Gilbert
              **J. PHIL GILBERT**
              **DISTRICT JUDGE**